UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. |
| | : | |
| $9,543.00 IN UNITED STATES CURRENCY, | : | |
| | : | |
| Defendant. | : | May 21, 2012 |
| | : | |
| [CLAIMANT: ANNIE MCLEOD] | : | |

VERIFIED COMPLAINT OF FORFEITURE

Now comes Plaintiff, United States of America, by and through its attorneys, David B. Fein, United States Attorney for the District of Connecticut, and David X. Sullivan, Assistant United States Attorney, and respectfully states that:

1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6), which provides for the forfeiture of proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is appropriate in the District of Connecticut by virtue of 28 U.S.C. § 1395(b).

3. The Defendant is $9,543.00 in United States Currency. ("Defendant Currency")

4. The Defendant Currency is located within the jurisdiction of this Court.

5. Annie Mcleod has submitted administrative claims of ownership to the Defendant Currency.

## Background of Investigation

6.      In or around October, 2011, law enforcement began an investigation into the trafficking of narcotics by an individual named Desmond Jenkins ("Jenkins"), who lived on the third floor of 136 Broad Street, Meriden, Connecticut.  During this time, law enforcement surveilled Jenkins making several narcotics transactions.

7.      On October 14, 2011, law enforcement met with a confidential informant ("CI") at a prearranged location in Meriden to arrange for a controlled purchase of narcotics from Jenkins.  The CI told law enforcement that he/she could purchase crack cocaine from Jenkins and that he/she had purchased crack cocaine from Jenkins in the past.  The CI was searched for narcotics and contraband by law enforcement and none were found.  Law enforcement provided the CI with $150 in marked City of Meriden Narcotics Funds.  Law enforcement established surveillance at 136 Broad Street.

8.      While waiting for the CI to arrive at 136 Broad Street, law enforcement observed another individual conduct what appeared to be a narcotics transaction with Jenkins.  The CI then arrived at 136 Broad Street and entered the residence.  Three minutes later the CI exited 136 Broad Street.

9.      Law enforcement met with the CI at a prearranged location in Meriden where the CI turned over a plastic baggie which contained an off-white rock like substance.  Law enforcement determined that the baggie contained 3.8 grams of crack cocaine after weighing and field testing the material.

10.      On November 11, 2011, law enforcement were called to136 Broad Street to investigate the untimely death of Jenkins.  When examining Jenkins' body, law enforcement

discovered a quantity of marijuana and "illy"on his person.  Illy consists of tea leaves soaked in PCP.  Both the marijuana and illy found on Jenkins were packaged for street sale.

11. During the death investigation, law enforcement located a bag inside a bedroom closet on the third floor of 136 Broad Street.  The bag contained, among other things, an open safe, and a child's lunch box.  Inside the safe and lunch box, law enforcement found $9,543.00 in United States Currency ("Defendant Currency").

12. On November 15, 2011, a trained and experienced law enforcement canine performed a "sniff test" of the Defendant Currency and safe.  The canine immediately indicated positive "hits" on the pile of money and the interior of the safe.  It is well known to law enforcement that money in the possession of individuals engaged in the sale of drugs will be contaminated with the scent and residue of the narcotic being sold.

13. A check with the State of Connecticut Department of Labor revealed no employment or reported income for Desmond Jenkins whatsoever.

14. Based on the above information, it is believed that $9,543.00 in United States Currency, constitutes proceeds from such exchanges and is therefore subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(6).

15. The Defendant Currency represents proceeds traceable to the exchange of controlled substances in violation of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that a Warrant of Arrest In Rem be issued for the defendant $9,543.00 in United States Currency; that due notice be given to all

parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

        Respectfully submitted,

        DAVID B. FEIN
        UNITED STATES ATTORNEY


        /s/ John B. Hughes
        JOHN B. HUGHES
        ASSISTANT U. S. ATTORNEY
        CHIEF, CIVIL DIVISION


        /s/ David X. Sullivan
        DAVID X. SULLIVAN
        ASSISTANT  U.S. ATTORNEY
        157 CHURCH STREET
        NEW HAVEN, CT 06510
        (203) 821-3700
        FEDERAL BAR # ct03793

DECLARATION

I am a task force officer of the Drug Enforcement Administration, United States Department of Justice, and the agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of May, 2012.


    /s/ Christopher Fry
CHRISTOPHER FRY
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION